IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXCELSIOR INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-5987 |
| SCOTT MITCHELL d/b/a QWIK PACK & SHIP and MAILBOXES UNLIMITED | : | |

## MEMORANDUM

December 10, 2008                                                                                           Ludwig, J.

On November 15, 2005, Excelsior Insurance Company filed this action against its insured, Scott Mitchell. The complaint included a request for declaratory judgment (Count I), claims for breach of contract (Count II), breach of the implied duty of good faith (Count IV), and common law fraud (Count V), and a claim under Pennsylvania's Insurance Fraud Act, 19 Pa.C.S.A. § 4117, et seq. On October 10, 2006, Mitchell filed a complaint against Excelsior in the Court of Common Pleas of Bucks County that was subsequently removed to this court and consolidated with this case. Mitchell's complaint includes claims for breach of contract and bad faith under 42 Pa.C.S.A. § 8371. Both actions arise from an incendiary fire that occurred on June 11, 2004 at a store owned by Mitchell, together with his claim for insurance proceeds under his policy issued by Excelsior. On June 26, 2008, Excelsior's motion for summary judgment was granted in the declaratory judgment action and against Mitchell in his action, Fed. R. Civ. P. 56.[1]

---

[1] Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and that the moving party "is entitled to judgment as a matter of law." It is necessary to "view the facts in the light most favorable to the non-moving

The reasons for entry of summary judgment in favor of Excelsior and against Mitchell are as follows:

1. "Under Pennsylvania law, an insurance contract is void if (1) the representation [made by the insured] is false; (2) the insured knew it to be false when made or acted in bad faith; and (3) the representation was material to the risk being insured." Matinchek v. John Alden Life Ins. Co., 93 F.3d 96, 102 (3d Cir. 1996) (citations omitted). As a matter of law, the submission of a claim for items not damaged in a fire is a material misrepresentation. Saracco v. Vigilant Ins. Co., 2000 WL 202274 (E.D. Pa., Feb. 22, 2000), aff'd, 250 F.3d 736 (3d Cir. 2000). The evidence of record[2] establishes that Mitchell attempted to obtain payment for a replacement of his business's undamaged sign using a forged damage report. The evidence includes (1) the handwritten notes of the employee of the sign company that

---

party" and to "draw all inferences" in that party's favor. Disabled in Action of Pennsylvania v. SEPTA, – F.3d –, –, 2008 WL 3842937, at *6 (3d Cir., filed Aug. 19, 2008) (citations omitted).

[2] The summary judgment record consists of the pleadings, deposition testimony and documents produced in discovery, all of which are attached to Excelsior's motion. Mitchell's response to the motion (styled "Scott Mitchell's Motion in Opposition of Excelsior Insurance Company's Motion for Summary Judgment") generally denies the statements made in Excelsior's motion, but does not refer to any record evidence to support his position. The response is not accompanied by an affidavit, and no memorandum of law was submitted.

Mitchell prepared the response pro se. However, he appears to have knowledgeably represented himself throughout these proceedings, exhibiting familiarity with the applicable Rules of Civil Procedure and the ability to comply with those rules and orders issued by the court.

More recently, on July 28, 2008, counsel appeared for Mitchell, and a hearing on assessment of damages is now scheduled for December 15, 2008. Mitchell's counsel filed a motion on December 5, 2008 tantamount to a motion for reconsideration of the summary judgment order. By letter of July 11, 2008, Mitchell had written to the Court, stating that he had consulted with counsel and they had decided not to file a motion for reconsideration.

prepared an estimate for the replacement, reflecting her conversation with Mitchell when he requested the estimate; (2) the testimony of the sign company's principal that he examined the sign and found no damage, that he told Mitchell there was no damage, that he prepared an estimate for replacement of the sign, that he did not prepare a report stating that the sign was heat damaged, and that the report submitted to Excelsior under his sign company's name stating that the sign was damaged was prepared on a letterhead that did not match that of his company; (3) the report and estimate; and (4) the testimony of Mitchell's public adjuster that Mitchell forwarded the report and estimate to him and he forwarded them to Excelsior.[3] The evidence establishes that Mitchell knowingly submitted a claim for an item that was not damaged, a material misrepresentation that voided the policy.

2. As a matter of law, the insured's financial condition is material and relevant to the issue whether a motive for insurance fraud existed. Peer v. Minnesota Mut. Fire Ins. Co., 1995 WL 141899, at *10-11 (E.D. Pa., Mar. 27, 1995). The evidence of record establishes that in the course of his examination under oath during the post-fire claims process, Mitchell stated that his business was not in debt at the time of the fire, and that he himself was not having any financial problems at that time. However, during his deposition in this action, he admitted that this was not true, and that both the business and he personally were struggling financially at the time of the fire. Additional evidence of record includes the

---

[3] Mitchell's own testimony is contradictory. At his examination taken during the post-fire claims process, he stated that he recognized the report and estimate, which were marked as exhibits at that proceeding, and that he had requested an inspection and estimate, though he was not sure the sign was damaged. At his deposition in this action, he stated that he had not requested the quote and had not supplied the report or the estimate to his public adjuster.

deposition testimony of a former employee of Mitchell's, unpaid bills from vendors of the business, Mitchell's claim for unemployment compensation. The evidence establishes that Mitchell knowingly made misrepresentations regarding his financial condition at the time of the fire, a material misrepresentation that violated the fraud and concealment provision in the policy, voiding it.[4]

3. Mitchell submitted no evidence in support of his bad faith claim against Excelsior, and in view of Mitchell's own misrepresentations, and Excelsior's suspicion of arson, Mitchell cannot establish that Excelsior did not have a reasonable basis to commence an investigation, refuse further payment, and file this declaratory judgment action. Parasco v. Pacific Indem. Co., 920 F.Supp. 647, 656 (E.D. Pa. 1996) (granting summary judgment to insurer on bad faith claim where insured had made misrepresentations in the presentation of a claim and arson was suspected).

4. Mitchell's claim for breach of contract is barred by the policy's two-year limitations provision. The evidence establishes that the fire occurred on June 11, 2004, Mitchell's action was filed on October 10, 2006, and the policy contains a two-year limitations period. The limitations period is valid and enforceable under Pennsylvania law. Caln Village Assocs. L.P. v. Home Indem. Co., 75 F.Supp.2d 404, 409 (E.D. Pa. 1999), citing Lyons v. Nationwide Ins. Co., 567 A.2d 1100, 1102 (Pa. Super. 1989) (further citations omitted) ("[i]n Pennsylvania a contractual modification of the ordinary statute of limitations is valid and

---

[4] Because Mitchell's actions voided the policy, it is not necessary to discuss Excelsior's state law claims for breach of contract, breach of the implied duty of good faith, and common law fraud.

enforceable . . . . The Pennsylvania legislature . . . has recognized that a one-year suit limitation clause in a fire policy is reasonable.").

5. Mitchell is liable to Excelsior under the Pennsylvania Insurance Fraud Act, 18 Pa.C.S.A. § 4117. Violations of the Act include "[k]nowingly and with the intent to defraud any insurer or self-insured, present[ing] or caus[ing] to be presented to any insurer or self-insured any statement forming a part of, or in support of a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim." 18 Pa.C.S.A. § 4117(a)(2). The evidence of record as to the claim for the undamaged sign satisfies the requirements of the Act, and, therefore, requires the entry of summary judgment for Excelsior.

BY THE COURT:

/s/ Ludwig

Edmund V. Ludwig, J.